UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSABAL CAMBARA ALI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No.  1:26-cv-02977-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On April 20, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.)  On April 23, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB (E.D. Cal. Mar. 10, 2026), where the undersigned found that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  (Doc. No. 6.)

1

On April 27, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 9.)  In that opposition, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  However, respondent also represents, and presents evidence supporting its representation, that petitioner was previously encountered by immigration authorities and released on supervision.  (Doc. Nos. 9 at 1–2; 9-1 at 2.)  Respondent also states in its opposition that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (*Id.* at 1.)

Based upon a review of the briefing, the court finds the following facts.  Petitioner entered the United States on or about August 1, 2022 without inspection, was encountered by immigration authorities, and was detained by those authorities.  (Doc. No. 9-1 at 2.)  At a later date, those immigration authorities released petitioner from detention and issued employment authorization documents to petitioner.  (*Id.*)  On January 8, 2026, petitioner was re-detained by immigration authorities.  (*Id.*)

In light of the evidence that petitioner was previously released by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Respondent argues that petitioner's release was properly revoked because he had an "encounter with law enforcement" and that the period of release was terminated because of that encounter.  (Doc. No. 9 at 3.)  Respondent does not provide a document detailing the conditions of petitioner's release, but does provide a document which purports to show that petitioner was arrested on criminal charges in Florida but also fails to provide information regarding whether any charges remain pending against petitioner.  (Doc. No. 9-2 at 5.)  Respondent also does not cite any evidence indicating that petitioner was provided with notice regarding the reasons for the revocation of his release or provided a hearing at which petitioner could contest those reasons.  *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026

2

WL 1047942, at \*6–7 (C.D. Cal. Apr. 15, 2026) (finding that the petitioner, who was previously released pursuant to § 1226(a), subsequently criminally charged and released on bond on those charges, was entitled to notice of the basis for the revocation of his § 1226(a) release and a pre-detention hearing).  Moreover, respondent makes no argument as to why this alleged violation warrants a different outcome than that reached in this court's prior authority such as *Ayala Cajina*.  *See Gutierrez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-01888-DAD-AC, 2026 WL 891625, at \*2 (E.D. Cal. Apr. 1, 2026) (rejecting the respondents' attempt to distinguish *Ayala Cajina* on the basis of ATD violations where the respondents failed to provide supporting documentation of those alleged violations and failed to provide any argument as to why those violations compelled a different result).  Accordingly, because of the lack of support for respondent's argument, the court finds its analysis in *Ayala Cajina* to be persuasive and will grant petitioner's request for immediate release.  *See Zaitsev*, 2026 WL 1047942, at \*7–8 (finding that a post-detention bond hearing was insufficient to cure the violation of procedural due process created by not providing notice or a pre-detention hearing and order immediate release of the petitioner).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Ali Rosabal Cambara[1], A-File No. 241-864-764, from respondent's custody on the conditions, if any, he was subject to prior to his detention on January 8, 2026;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge,

---

[1] Though petitioner's name on the docket appears as Rosabal Cambara Ali, a review of respondent's supporting documentation shows that petitioner's name has been recorded therein as Ali Rosabal Cambara.  (Doc. No. 9-1 at 1.)

3

at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) and motion for appointment of counsel (Doc. No. 3) are hereby DENIED as having been rendered moot in light of this order granting his petition on the merits;

3.   The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4.   The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 30, 2026**   _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4